BLANCHE, Judge
(dissenting).
One of the purposes of plaintiff’s suit was to obtain a judicial determination of the legality and sufficiency of his bid proposal. The defendant’s sole interest was to obtain a legal bid at the lowest possible bid price from the lowest responsible bidder. The interest of the intervener was to hope that plaintiff lost and defendant won, for in that event defendant, even though not required to, could if it so desired, award the bid to plaintiff, who was the second lowest responsible bidder, or could at least be given another chance to bid with the hope of submitting the lowest bid on the next letting of the contract. The interve-nor actually prayed for the same relief as defendant and sought no other independent relief, and, indeed, it could not since it-had no separate interests to protect. In effect, the intervention only said “Amen.”
The trial judge found the bid proposal of the plaintiff legally sufficient, and the defendant acquiesced in this judgment by awarding the contract to plaintiff. The sole appeal is by one who has no legal right to enforce. The error of the majority lies in their failure to recognize this obvious impotency.
LSA-C.C.P. Art. 1091, in pertinent part, provides:
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto * ' * (Emphasis supplied)
The only interest which intervenor has in the matter is the interest in the success of the defendant, for, as pointed out above, if plaintiff loses, intervenor will get another chance to bid or its bid may be accepted. I would define this type of interest as no more than a concern that if plaintiff lost, intervenor might gain.
Under the official revision comments of the article, it is stated that “ ‘interest’ as used in this article includes but goes beyond the ‘real and actual interest’ required under Art. 15, Code of Practice of 1870 to enable a party to institute the action.” *912 The comment also notes that the answer to this question has not been provided by the jurisprudence. I would add to the jurisprudence by holding that at the very least it means more than a mere concern aroused by the hope of gain in the event of another’s loss.
This writer believes that the statute as now revised provides its own answer as to what type of interest is required and that is “to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto.”
The wisdom of thus limiting the interest of one to so intervene is to keep busybodies and meddlers out of other people’s lawsuits, thereby preventing them from interfering with the administration of justice between parties where a justiciable issue exists. The mischief which could result from permitting an intervention by a party in a proceeding where he has no right to enforce is limitless.
While I do not accuse intervenor here of any such motive, nevertheless, if one without any right to enforce is permitted to intervene in a proceeding such as this, he could conceivably delay the proceeding until the prices on which the plaintiff’s bid was based were no longer valid and the contract would have to be relet, regardless of the outcome of the suit.
The further result of requiring enforcement of a justiciable right in an intervention is to serve the administration of justice by avoiding a multiplicity of litigation and all the evils attendant thereto. No such purpose is here afforded by appellant’s intervention for the reasons stated hereinabove.
LSA-C.C.P. Art. 2086 provides for the appeal of a person who could have intervened in the trial court. It follows that intervenor, having no right to intervene, could have no right to appeal. LSA-C.C. P. Art. 927 gives this Court the right, on its own motion, to recognize intervenor’s want of interest to prosecute this appeal.